DECISION
A case management conference was held on April 17, 2008. David Efaw appeared on his own behalf. Joe Honl represented Defendant. The parties agreed this Decision would be based on the written submissions.
The issue concerns certain personal property penalties imposed for the five tax years 2003-04 through 2007-08. Plaintiff seeks a waiver of those penalties.
 I. STATEMENT OF FACTS
Plaintiff owns taxable personal property in Clackamas County. Plaintiff has a business and is required to file annual personal property returns by March 1 of each year. For these five tax years, returns were not submitted.
Because the returns were not submitted before August 1, the county assessed penalties of 50 percent. Plaintiff was given notice of those penalties by way of an omitted property notice dated March 13, 2008. *Page 2 
Plaintiff states he was unaware of the tax and that he should have been earlier informed by Defendant or some other organization. In a letter attached to his Complaint, Plaintiff stated:
 "I understand the tax is due, although I believe there have been numerous years and opportunities to inform me that this was due much earlier, I have been operating my business openly and easy to find. I believe I have a strong argument as to have the late filing penalty waived."
(Ptf's Compt at 4.)
 II. COURT'S ANALYSIS
ORS 308.290(1)(a)[1] requires a business to file a personal property tax return by March 1. The statute goes on to state that, if a party fails to file a return by the March 1 deadline, he "shall be * * * subject to the provisions of ORS 308.296." ORS 308.290(1)(a).
ORS 308.296(1) states that any person or company responsible for filing a personal property return who or which has not done so "shall be subject to a penalty as provided in this section." The penalty is graduated based on when the taxpayer files its return. ORS 308.296(4), the applicable provision, states:
 "After August 1, a taxpayer who files a return to which this section applies or who fails to file a return shall be subject to a penalty equal to 50 percent of the tax attributable to the taxable personal property of the taxpayer."
Plaintiff admittedly did not file its return before August 1, 2003. Pursuant to the statute, he is responsible for a 50 percent penalty. The situation is the same for later years. Plaintiff claims, however, he should be excused from the penalty because of circumstances beyond his immediate control.
ORS 311.223(4) allows an appeal to the Tax Court. The court may waive a late-filing penalty when there is good and sufficient cause to waive the penalty. In such cases involving *Page 3 
past years and omitted property assessments, this court has the power to waive or reduce that penalty. The Plaintiff must provide a proper showing of good and sufficient cause.
ORS 305.288(5)(b) defines what constitutes good and sufficient cause:
 "`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
The sole reason offered for the failure to file is lack of knowledge of the legal requirements. That specifically does not constitute a valid reason to compromise the statutory penalty.
 III. CONCLUSION
IT IS THE DECISION OF THE COURT that the above-entitled matter be denied.
Dated this ___ day of May 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailingto: 1163 State Street,Salem, OR 97301-2563; or by hand deliveryto: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jefffrey S. Mattson on May 2,2008. The Court filed and entered this document on May 2, 2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1